IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CURTIS JORDAN,

    Plaintiff,

vs.                                    CIVIL ACTION NO.: CV603-141

RODNEY McCLOUD; GLENN RICH;
R. D. COLLINS; JOHN PAUL; TRACEY
PAIGE; BRENDA HAGAN; JESSICA
MOSELY; DANNY WOOD; STEPHANIE
LOVE and JAMES L. THRIFT,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly incarcerated at Rogers State Prison in Reidsville, Georgia, filed a 42 U.S.C. § 1983 action. On October 17, 2005, Defendants McCloud, Collins, Paul, Page, Hagan, Clements, Mosely, Rich, Woods, and Thrift ("Movants") filed a Motion for Summary Judgment.[1] (Doc. No. 50.) The Clerk of Court mailed a Notice to Plaintiff advising him that Movants filed a Motion for Summary Judgment and that a response was to be filed by November 9, 2005. (Doc. No. 54.) That Notice further advised Plaintiff that:

    1.    If you do not timely respond to this motion . . . the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

    2.    If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

---

[1] In an Order dated November 8, 2005, the undersigned granted Defendant Love's Motion to Stay because of her military deployment in Iraq. (Doc. No. 55.)

AO 72A
(Rev. 8/82)

    3.     If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response.

## STATEMENT OF THE CASE

Plaintiff alleges a pattern of retaliation and harassment caused by his filing of administrative grievances for alleged constitutional violations. Plaintiff avers that: (1) Defendant Love harassed him in retaliation for the grievance he filed against her and Defendant McCloud; (2) Defendant Wood harassed him in retaliation for filing a second grievance; and (3) Defendants McCloud and Love confronted him causing him fear of assault. Plaintiff asserts that Defendant Paul should have prevented this confrontation and abuse. Plaintiff further asserts that Defendant Rich violated his rights by denying this second grievance and failing to sign it. Plaintiff further contends that Defendant Page refused to prevent Hagan's refusal to return his grievance to him and threatened to call officers to beat him. Plaintiff also alleges that, when he took his appeal back to Defendant Hagan, she informed him that his appeal was untimely, and directed Plaintiff not to come to her office again unless she called him.

Plaintiff asserts that he also filed a grievance concerning the confrontation by Defendants McCloud and Love, and Defendant Collins denied this grievance. Plaintiff also asserts that he appealed this grievance to the Georgia Department of Corrections, and Defendant Thrift denied this appeal. Plaintiff asserts that he filed a grievance against Defendant Hagan for conspiring to deny him the right to appeal other grievances. Plaintiff also asserts that Defendant Rich denied his grievance "because he is a part of the original conspiracy to deny Plaintiff due process and his right to appeal." (Compl., p. 11.) Plaintiff

2

AO 72A
(Rev. 8/82)

further asserts that Defendant Thrift upheld Defendant Hagan's actions, despite violating the statewide grievance procedures. Plaintiff alleges that Defendant Mosely conspired with the other Defendants to deny him the right to file grievances and denied him due process of law by refusing to investigate five grievances he filed. Plaintiff further alleges that Defendant Thrift conspired with the Defendants and refused to investigate his grievances while they were on appeal. Plaintiff contends that he was transferred to Wilcox State Prison as retaliation for filing grievances.

In response, Movants generally deny Plaintiff's allegations and assert that his claims fail on the merits. Movants also contend that they are entitled to qualified immunity. Movants aver that Plaintiff's request for compensatory and punitive damages is barred because Plaintiff has not alleged a physical injury.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260

3

(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Plaintiff's Due Process Claims

An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). There is no right to a particular type of process in the handling of prison grievances. See Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989).

AO 72A
(Rev. 8/82)

Movants argue that Plaintiff's due process claims fail on both the first and third prong of Cryder's due process analysis. Plaintiff appears to assert that Movants violated his due process rights by failing to investigate his administrative grievances and inhibiting his ability to file subsequent grievances. However, the evidence of record supports Movants' primary contention: no due process violation occurred. Plaintiff fails to demonstrate how Movants exercised constitutionally inadequate process in the administration of his grievances. See Cryder, 24 F.3d at 177. Plaintiff filed several grievances prior to filing the current cause of action, all of which were processed according to Georgia Department of Corrections' Standard Operating Procedures and received an investigative determination by Defendants. (See Doc. No.52, Defs.' Exs. B, E, F, J, K, M.) Further, all Movants stated that they did nothing to inhibit the grievance process for Plaintiff's complaints. (Id.) According to Defendants Rich and Thrift, they considered all of the evidence submitted in Plaintiff's grievance, including the counselor's findings and Plaintiff's statement, and found no indication that any grievance was inadequately investigated. (Id., Defs.' Ex. E.) Without evidence supporting Plaintiff's allegations, there is no genuine issue as to any material fact regarding Plaintiff's due process claim.

## II. Plaintiff's Retaliation Claims

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed a grievance concerning the conditions of his imprisonment." Id.

AO 72A
(Rev. 8/82)

### A. Plaintiff's Grievances

Movants contend that Plaintiff is unable to establish a valid retaliation claim. Plaintiff alleges that they retaliated against him for filing grievance nos. 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 and 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. Plaintiff asserts that for grievance no. 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 he was taken from the yard and forced to sit in the visitation room for an extended period of time. Plaintiff alleges that Defendants Woods and McCloud retaliated against him for filing Grievance No. 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. Plaintiff also contends that Movants failed to adequately process his grievances in retaliation for the previous grievances that he filed.

Although Defendant Woods told Plaintiff that he "should make better use of his time," Plaintiff has failed to provide any evidence that Defendant Woods' actions meet the requirements of a retaliation claim, which violated his constitutional rights. (Id., Defs.' Ex. G.) Defendant Woods specifically stated that he did not take any retaliatory measures against Plaintiff for his filing a grievance. (Id.) Similarly, Defendant McCloud also presented an affidavit denying that he harassed or intimidated Plaintiff, or directed any staff member to do so. (Id., Defs.' Ex. A.) Defendant McCloud's affidavit asserts he never "call[ed] him stupid, otherwise harassed him or physically intimated him." (Id.) Defendant McCloud also indicated that it is not part of his job description to appoint officers, and that he did not appoint Defendant Love so that she would harass Plaintiff. (Id.) Defendant Paul also stated that he did not perform any retaliatory act and did not even know that Plaintiff had filed a grievance against Defendants McCloud and Love. (Id., Defs.' Ex. H.)

Movants have provided detailed affidavits establishing that they did not take retaliatory action against Plaintiff for filing his grievances, and they did not interfere with the general grievance process. (Id., Defs.' Exs. A, E, F, K, M.) Plaintiff has not responded to

AO 72A
(Rev. 8/82)

Movants' evidence. Based on the evidence of Record, Plaintiff's retaliation claims are without merit. Accordingly, no genuine issue as to any material fact exists as to Plaintiff's retaliation and failure to protect claims, for his filing of grievances.

### B. Plaintiff's Transfer to Wilcox State Prison

Plaintiff claims that Movants transferred him from Rogers State Prison to Wilcox State Prison in retaliation for the grievances that he filed. However, at his deposition, Plaintiff admitted that he did not have any evidence demonstrating that any of the Movants caused his transfer for retaliatory purposes. (Doc. No. 52, Ex O, pp. 30-31.) In fact, the institutional computer at Rogers State Prison indicates that Plaintiff was transferred from Rogers State Prison because of his familiarity with the prison's staff. (Id., Defs.' Exs. B, H.) All of the Movants deny having any role in Plaintiff's transfer for retaliatory purposes. (Id., Defs.' Exs. A, B, E, F, G, H, K, M.) Most of the Movants had no authority to transfer Plaintiff to another facility. (Id. Defs.' Exs. A, F, G, J, K, M.) Plaintiff has presented no evidence to refute Movants' assertions.

### III. Plaintiff's Failure to Protect Claims

The Eighth Amendment imposes duties on prison officials such as the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 811 (1994). This right to safety is violated when prison officials show a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828, 114 S. Ct. at 1974). In order to survive summary judgment on such a claim, the Plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) movants

showed a deliberate indifference to this risk; and (3) there is a causal connection between the Movants' acts or omissions and the alleged constitutional deprivation.  Id.

Movants aver that Plaintiff has failed to demonstrate a constitutional violation by Defendants McCloud, Hagan, and Love.  Thus, Movants contend that Plaintiff's failure to protect claim, fails on the merits.  Plaintiff avers that Defendant Page failed to stop Defendant Hagan's harassment in her office.  Plaintiff also contends that Defendant Paul failed to prevent harassment in the yard by Defendants McCloud and Love.

As the foregoing discussion establishes, Movants' evidence supports the conclusion that they did not violate Plaintiff's constitutional rights.  Plaintiff failed to establish any form of retaliatory harassment that would warrant Movants' protection, or prompt their immediate action.  According to the evidence of record, Plaintiff did not incur a substantial risk of harm, and Movants did not exhibit a deliberate indifference toward the Plaintiff.  Further, Defendant Paul's affidavit specifically states that he did not witness anyone else harass, mistreat or physically intimidate Plaintiff.  (Doc. No. 52, Defs.' Ex. H.)  Defendant Page also states that Plaintiff's allegations that she failed to correct Defendant Hagan's alleged harassment are false.  (Id., Defs.' Ex. K.)  No genuine issue of any material fact exits; Movants' Motion for Summary Judgment should be granted on Plaintiff's failure to protect claims.

## IV. Plaintiff's Conspiracy Claims

A conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (citations omitted). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants 'reached an understanding to violate [his] rights.'" Id. (quoting

8

Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988)).  A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants."  Id. at 1283-84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir.1990)).

Movants aver that Plaintiff's conspiracy claims fail on the merits.  Plaintiff alleges that Movants conspired with one another to deny him the right to process his grievances.

Throughout his deposition Plaintiff failed to provide any specific facts demonstrating an agreement between the Movants.  (See generally Doc. No. 52, Defs.' Ex. O.)  Plaintiff has presented no evidence of the conspiracy claims currently asserted against Movants. In contrast, Movants' affidavits specifically state that no conspiracy existed.  (Id., Defs.' Exs. A, B, E, F, G, H, J, K, M.)  No genuine issue as to any material fact exists regarding Plaintiff's conspiracy claims.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the unopposed Motion for Summary Judgment filed by Defendants McCloud, Collins, Paul, Page, Hagan, Clements, Mosely, Woods, Rich, and Thrift (Doc. No. 50) be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of June, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)